IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | § § § § | |
| Interpleader-Plaintiff, | § § | |
| v. | § | Civil Action No. 1:15-CV-156-P-BL |
| ELIDA MARTINEZ RANKIN and APRIL RANKIN, | § § § § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This matter is before the Court on UNUM Life Insurance Company of America's (UNUM) "Complaint for Interpleader," filed August 21, 2015. As the holder of a fund upon which contesting claims lie, UNUM wishes to proceed under Rule 22 of the Federal Rules of Civil Procedure. The United States District Judge referred the case to this Court on September 14, 2015, pursuant to 28 U.S.C. § 636(c), for pretrial management and a report and recommendation on dispositive matters. (Doc. 5). The Court recommends UNUM be released from this action and Defendants be required to litigate their claims before this Court.

Interpleader actions typically involve two steps: first, the court must determine the right of the party invoking the interpleader remedy to require the competing claimants to litigate their dispute in one proceeding; second, assuming the interpleader action is properly brought, the court will determine the respective rights of the claimants to the stake. *See, e.g., Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999).

Rule 22 provides, in pertinent part: "Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." FED. R. CIV. P. 22(a)(1). "Subject-matter jurisdiction in suits brought under Rule 22(1) is based on the general-federal-question and diversity-of-citizenship jurisdiction grants found in the United States Code.

In diversity-of-citizenship cases this means that the amount in controversy must exceed $75,000, exclusive of interest and costs, and that it is plaintiff-stakeholder's citizenship that must be diverse from that of the claimants." Wright, Miller & Kane, 7 FED. PRAC. & PROC. CIV. § 1703 (3d ed.) (citation omitted); *see also Rhoades*, 196 F.3d at 600.

UNUM alleges in its complaint, and it is undisputed by Defendants April Rankin (Doc. 8) and Elida Martinez Rankin (Doc. 9), that this Court has subject-matter jurisdiction over this case as this case meets diversity-of-citizenship requirements. *See* 28 U.S.C. §§ 1331, 1332. UNUM states it is a citizen of Maine, and both Defendants are citizens of Texas. Further, it is uncontested that the amount in controversy in this case exceeds $75,000 exclusive of costs and interest.[1] Finally, it is plain that UNUM faces exposure to double or multiple liability in this action. *See* Doc. 8 (April Rankin's allegation that "the life insurance beneficiary claim by Elida Rankin legally invalid"); *see also* Doc. 9 (Elida Martinez Rankin's allegation that she is entitled to the life insurance proceeds and not April Rankin). The requisites for rule interpleader having been satisfied, the Court is convinced the remedy of interpleader is appropriate in this case.

Accordingly, it is **RECOMMENDED** that Interpleader-Plaintiff UNUM be **RELEASED AND DISCHARGED** from this action, and Defendants be required to litigate their claims before this Court. UNUM should have no liability for the death benefit and accrued interest to any purported claimant in this action.

**SO ORDERED**

Dated November __20__, 2015.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**

---

[1] UNUM has deposited into the Court's registry the full amount in contest $87,007.15.