IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 1:15-CV-00156-BL |
| ELIDA MARTINEZ RANKIN and APRIL RANKIN, | | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

Now before the Court is a Motion for Summary Judgment filed by Elida Rankin. (Doc. 22). Elida Rankin and April Rankin contest the proceeds of a life insurance policy. Unum Life Insurance Company of America brought this interpleader action and was discharged as a party after depositing the contested funds with the court. (Docs. 1, 13). The parties have not consented to the jurisdiction of the United States Magistrate Judge.

### I. FACTUAL BACKGROUND

Stetson Rankin was enrolled in a group life insurance policy through his employer in the amount of $87,000. Elida Rankin was and continues to be designated as the primary beneficiary of the policy. Stetson and Elida divorced, and Stetson subsequently married April Rankin. Stetson later passed away, and April and Elida contest the proceeds of the life insurance policy. Unum brought this interpleader action, deposited the contested funds with the court, and was discharged as a party from the action.

## II. APPLICABLE LEGAL STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 65(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment." *Kellough v. Bertrand*, 22 F.Supp.2d 602, 606 (S.D. Tex. 1998) (citing *Anderson*, 477 U.S. at 247-48).

"Although the court consider[s] the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the non[-]movant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (quoting *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999), *cert. denied* 528 U.S. 1160 (2000)); *accord Celotex*, 477 U.S. at 324 (the non-movant must identify specific evidence in the record and show how it presents a genuine issue of material fact for trial); *Cass v. City of Abilene*, 2016 WL 737077 (5th Cir. Feb 24, 2016) (*per curiam*) ("[T]o avoid summary judgment, the non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial.") (quoting *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007).

"[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Furthermore, the Court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

### III. DISCUSSION

April Rankin asserts that Texas Family Code § 9.301 provides the designation of Elida Rankin as primary beneficiary is not effective because of the subsequent divorce. (Doc. 8, 1). Chapter 9.301 provides a designation of a spouse is invalidated by divorce unless the divorce decree again designates the former spouse as a beneficiary, there is a redesignation of the former spouse as beneficiary after the divorce, or the former spouse will receive the funds to care for a dependent child. Elida Rankin counters that the policy in question is governed by the Employee Retirement Income Security Act of 1974, or ERISA, which supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." (Doc. 23, 7 quoting 29 U.S.C. § 1144(a)). The Fifth Circuit found that Texas Family Code § 9.301 is preempted by ERISA. *Manning v. Hayes*, 212 F.3d 866, 870 (5th Cir. 2000). However,

> in this Circuit, the determination of who is entitled to the proceeds of an ERISA plan providing life insurance benefits may depend upon more than merely the plan documents, and may be properly defined by reference to the federal common law of waiver as applied to the particular facts of this case.

*Id.* at 871.[1] Later Supreme Court decisions clarify that ERISA gives a great weight to the text of the plan documents. *See Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 150 (2001) (ERISA requires the "plan be administered, and benefits be paid, in accordance with plan documents."); *See also Kennedy v. Plan Adm'r for DuPont Sav. and Inv. Plan*, 555 U.S. 285, 303 (2009) ("What goes for inconsistent state law goes for a federal common law of waiver that might obscure a plan administrator's duty to act in accordance with the documents and instruments.") (internal quotation omitted).

April Rankin provides no authority or argument for the proposition that the beneficiary designated by the plan document should not be given effect, outside of continued reference to § 9.301. So, under the applicable precedent, Elida Rankin is the appropriate beneficiary of the contested funds by virtue of the designation in the plan documents.

## IV. CONCLUSION

Therefore, it is **RECOMMENDED** that Defendant Elida Rankin's Motion for Summary Judgment (Doc. 22) be **GRANTED** and judgment entered accordingly.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific

---

[1] However, later Supreme Court decisions emphasize the importance of the designation on the plan documents over potential waivers. *See Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 150 (2001) (ERISA requires the "plan be administered, and benefits be paid, in accordance with plan documents."); *See also Kennedy v. Plan Adm'r for DuPont Sav. and Inv. Plan*, 555 U.S. 285, 303 (2009) ("What goes for inconsistent state law goes for a federal common law of waiver that might obscure a plan administrator's duty to act in accordance with the documents and instruments.") (internal quotation omitted).

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated November /6/, 2016.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**